UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CABRAL SIMPSON,

                    Petitioner,

      v.

UNITED STATES OF AMERICA,

                    Respondent.

Civil Action No. 25-758 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

      This matter comes before the Court upon Respondent United States of America's ("Government") motion for an extension of time to file an answer and for a limited waiver of attorney-client privilege. (ECF No. 9.) On June 23, 2025, Petitioner Cabral Simpson ("Simpson") filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Amended Petition"). (ECF No. 5.) The Amended Petition raises ineffective assistance of counsel claims against his former defense attorney, Fredrick R. Dunne, Jr., Esq. ("Dunne"). (*See id.*)

      On October 10, 2025, the Court ordered the Government to file a full and complete answer to the Amended Petition. (ECF No. 8.) On October 20, 2025, the Government moved for an order declaring a limited waiver of Simpson's attorney-client privilege with Dunne. (ECF No. 9.) More specifically, the Government seeks permission to interview Dunne and to direct Dunne to meet with the Government for these interviews. (*Id.*) The Government also requests an extension of time to file its answer. (*Id.*)

A party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue. *See Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012); *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999); *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Rhone-Poulenc Rorer Inc. v. Home Indent. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *2-3 (D.N.J. Apr. 19, 2018). Where a habeas petitioner "claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Ragbir*, 2018 WL 1871460 at *2-3 (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)). This waiver, however, is not unlimited - the petitioner claiming ineffective assistance impliedly waives attorney-client privilege only to the extent "necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978; *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (courts "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it."); *Ragbir*, 2018 WL 1871460 at *3 (implied waiver limited "to attorney-client communications that are necessary for the resolution of the claims at hand.").

Because Simpson placed Dunne's representation of him at issue by raising claims of ineffective assistance of counsel, this Court finds Simpson waived his attorney-client privilege as to any communications with counsel "necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978. The Government's request for a finding of limited waiver of privilege and for permission to interview Dunne, shall therefore be granted.

The Court having considered the request, and for good cause shown,

**IT IS** on this 29th day of October, 2025,

**ORDERED** that the Government's motion (ECF No. 9) is **GRANTED**; and it is further

**ORDERED** that this Court finds that Simpson has impliedly waived attorney-client privilege as to any and all communications related to the allegations of ineffective assistance of counsel raised in Simpson's motion to vacate his sentence; and it is further

**ORDERED** that the Government may interview Simpson's prior defense counsel, Dunne, regarding information directly related to Simpson's ineffective assistance of counsel claims prior to filing their answer; and it is further

**ORDERED** that Dunne shall appear for an interview by the representatives of the United States Attorney's Office for the District of New Jersey, at a time and place to be mutually agreed upon by Dunne and the United States Attorney's Office and shall provide the Government with documents or other evidence in their possession that are relevant Petitioner's ineffective assistance of counsel claims. The interview shall be scheduled and conducted as promptly as possible; and it is further

**ORDERED** that the United States is directed to file its answer to the Petition within 90 days of the date of this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order on Respondent electronically and on Petitioner by regular mail.

HONORABLE JULIEN XAVIER NEALS
United States District Judge